**So Ordered.**

**Dated: July 18th, 2025**



Frederick P. Corbit
Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ROGER ANDREW STADTMUELLER,<br><br>               Debtor. | Case No. 17-03545-FPC11 |
| ROGER ANDREW STADTMUELLER,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service,<br><br>               Defendant. | Adversary No. 20-80007-FPC<br><br>**PARTIAL ORDER RE: OBJECTION TO CLAIM; FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

## I. SUMMARY

Roger Andrew Stadtmueller ("Debtor" or "Mr. Stadtmueller") filed for chapter 11 bankruptcy in 2017, approximately one year after a criminal judgment[1] was entered against him for making and subscribing false corporate income tax

---

[1] E.D. Wash. Case No. 2:15-cr-00059-RMP, ECF No. 56.

PARTIAL ORDER RE: OBJECTION TO CLAIM - 1

returns. Mr. Stadtmueller was sentenced to imprisonment for fifteen months and ordered to pay $400,000 in restitution.

Shortly after Mr. Stadtmueller filed for bankruptcy, the Internal Revenue Service ("IRS") filed Proof of Claim No. 2-1 for $1,098,270.10. The IRS's proof of claim was calculated based on the $400,000 criminal restitution judgment, various civil penalties the IRS assessed against Mr. Stadtmueller, and unpaid taxes. Mr. Stadtmueller objected to the IRS's proof of claim, resulting in this adversary proceeding.

Over the past five years this adversary has been pending, both parties requested numerous extensions and substituted counsel, leading to significant delays. Eventually, a trial was held from February 3-10, 2025. Despite a week-long trial, the parties were unable to submit precise calculations or articulate their positions on certain issues to the Court. Nor were they able to reach agreement on most of the issues. Accordingly, the Court directed the parties to file post-trial briefs to clarify their respective positions on identified issues. However, the parties' post-trial briefs were imprecise and convoluted—the IRS's post-trial brief was 100 pages.

Despite the multiple delays and convoluted post-trial briefing, the Court is finally able to enter a partial order determining the legal issues, but more facts are

needed to finalize this matter. In sum, Mr. Stadtmueller's claim objection is granted in some respects, but overruled in others.

This order directs the parties to submit their respective computations of the IRS's proof of claim applying the legal rulings in this order. Additional briefing is needed because neither party provided the exact amount of the IRS's allowed claim. After these briefs are submitted, the Court will enter a final order setting the precise dollar amount of the IRS's allowed claim.

Based on the foregoing, the Court enters the following findings of fact, conclusions of law, and order.

## II. <u>FINDINGS OF FACT</u>[2]

### A. <u>Conceded Matters.</u>

1.     After trial, Mr. Stadtmueller conceded the following five issues:

- Zazz, Inc. can be treated as an S corporation for purposes of calculating tax and restitution. In turn, the IRS concedes that the distributions payable to Mr. Stadtmueller from Zazz did not reach taxable levels for the years at issue. (AP[3] ECF No. 192, p. 4)

- Deductions for the Bella Construction and Bennick entities total $1,016,495.25 for tax years 2007, 2008, and 2009.[4]

---

[2] Where a finding of fact is actually a conclusion of law, it shall be treated as such and vice versa.

[3] For clarity, "BK ECF" refers to the docket in the main bankruptcy case, Case No. 17-03545-FPC11. "AP ECF" refers to the docket in the adversary proceeding, Adv. Proc. No. 20-80007-FPC.

[4] The IRS disputed this number in its post-trial brief, advocating for a smaller amount of deductions due to lack of supporting documentation and/or evidence on certain deductions. (AP ECF No. 192, pp. 68-70) However, the Court finds that the evidence admitted at trial is sufficient

- Expenses and items associated with Zazz, Inc. and Debtor's form 1040 (including a finding of no passive real estate losses for tax years 2006 through 2009) are as stated at the Declaration of Jason Silver, docketed at AP ECF No. 169. Specifically, Debtor concedes the following expenses:

  | Tax Year | Amount |
  | --- | --- |
  | 2006 | $323,338.00[5] |
  | 2007 | $350,508.00 |
  | 2008 | $473,737.00 |
  | 2009 | $433,185.00 |

- Filing status of Debtor as married filing jointly for tax years 2007, 2008, and 2009.

- The IRS's unsecured priority claims are as follows:

  | Tax Year | Amount |
  | --- | --- |
  | 2010 | $0 |
  | 2013 | $2,378 |
  | 2014 | $36,749 |
  | 2015 | $0 |
  | 2016 | $9,215 |

(AP ECF No. 187, p. 3)

2.    The Court adopts these five concessions as findings of fact.

## B. **Contested Matters.**

3.    Mr. Stadtmueller identified the following four matters as contested:

---

to determine that the allowable deductions for Bella and Bennick total $1,016,495.25 for the years at issue.

[5] Debtor's calculation for tax year 2006 includes a $27,000 deduction under 26 U.S.C § 179, which allows businesses to deduct the full purchase price of qualifying assets, including machinery, vehicles, and office equipment. (AP ECF No. 169, p. 4) The IRS disputes this deduction. The Court is only discussing conceded facts at this juncture; the Court discusses the merits of the $27,000 deduction later in this order. (*See infra* Finding of Fact No. 12, Conclusion of Law No. 9).

PARTIAL ORDER RE: OBJECTION TO CLAIM - 4

- Preparer penalties under 26 U.S.C. ("I.R.C.") §§ 6694(b) and 6695(f) for tax years 2011, 2012, 2013, and 2014.

- Filing status of Debtor for tax year 2006. Mr. Stadtmueller asserts he was free to elect married filing separate status for 2006, while the IRS argues he was constrained to married filing jointly status.

- Fraud under I.R.C § 6663 for tax years 2008 and 2009, as outlined in Defendant's Trial Brief. (*See* AP ECF No. 192, p. 50, line 12)

- Addition to tax under I.R.C. § 6651, for Mr. Stadtmueller's failure to file his 2006, 2013, 2014, and 2016 tax returns on time, as outlined in Defendant's Trial Brief. (*See* AP ECF No. 192, p. 50, lines 12-13)

## C. **Court's Findings of Fact on Contested Matters.**

### *General Background*

4.     Mr. Stadtmueller was an accountant and licensed CPA in the state of Washington and several other jurisdictions.

5.     Mr. Stadtmueller engaged in multiple business endeavors over the years.

6.     Primarily, Mr. Stadtmueller ran his own accounting business. The accounting business colloquially was known as "Stadtmueller & Associates." However, Mr. Stadtmueller prepared the Stadtmueller & Associates corporate tax returns under the name "Zazz Inc" ("Zazz").  Zazz was incorporated in 2005, and Mr. Stadtmueller was Zazz's sole shareholder.

7.     Despite being an experienced accountant, Mr. Stadtmueller's tax filings, both personal and corporate, raised concerns at the IRS.

8.      Sometime before 2015, IRS agent Terry Martin began investigating Mr. Stadtmueller. Specifically, Mr. Martin was concerned with two issues: Mr. Stadtmueller regularly deposited a portion of his clients' tax refunds to his own bank account, and Mr. Martin believed Mr. Stadtmueller understated his clients' tax liabilities. Mr. Martin's review included: Mr. Stadtmueller's tax returns; tax issues related to corporations controlled by Mr. Stadtmuller; and Mr. Stadtmueller's preparation of tax returns for other parties.

9.      Ultimately, the IRS's investigation resulted in the IRS asserting civil penalties against Mr. Stadtmueller and the United States Attorney filing a criminal indictment on June 2, 2015. (E.D. Wash. Case No. 2:15-cr-00059-RMP, ECF No. 1)

### *Zazz Inc., Bella Construction Inc., and Bennick Inc.*

10.      Mr. Stadtmueller concedes that Zazz should be treated as an S corporation for purposes of calculating the tax and restitution due. Accordingly, as an S corporation, Zazz's income tax obligations passed through to Mr. Stadtmueller.[6]

---

[6] *See infra* Conclusion of Law No. 8.

11.     Zazz claimed some questionable deductions over the years. As detailed above, the parties agreed on Zazz's allowable deductions for tax years 2006-2009.[7]

12.     However, the parties were unable to agree on whether Zazz was entitled to a specific $27,000 deduction under I.R.C. § 179 for tax year 2006. At trial, the Court issued a tentative ruling that Zazz's allowable deductions related to travel expenses (which included the $27,000 I.R.C. § 179 deduction) should be reduced by 75%. At a post-trial status conference held on July 16, 2025, Mr. Stadtmueller's counsel explained the $27,000 deduction represented a 75% reduction in line with the Court's tentative ruling. The IRS maintained that the deduction should be removed entirely.

13.     From 2007 to 2009, Mr. Stadtmueller engaged in a real estate venture under two companies: Bella Construction, Inc. ("Bella") and Bennick, Inc. ("Bennick").[8] Bella constructed the properties, and Bennick owned the land under the properties.

14.     Bella and Bennick were both S corporations, and therefore, all tax obligations for the two companies passed through to Mr. Stadtmueller. Bella and

---

[7] *See* Finding of Fact No. 1, *supra*.
[8] Countrywide Mortgage, Inc. was a related entity Mr. Stadtmueller operated in the real estate venture. However, Countrywide's taxes and income are not at issue in this proceeding.

PARTIAL ORDER RE: OBJECTION TO CLAIM - 7

Bennick's allowable deductions total $1,016,495.25 for tax years 2007, 2008, and 2009.[9]

### Criminal Indictment and Judgment

15. According to the indictment, Mr. Stadtmueller was accused of falsifying Zazz's 2006, 2007, and 2008 Form 1120S returns (the federal income tax return form used by S corporations).

16. On July 26, 2016, Mr. Stadtmueller signed a plea agreement wherein he admitted to underreporting Zazz's gross income for tax years 2006, 2007, and 2008 and agreed to pay $400,000 in restitution. (E.D. Wash. Case No. 2:15-cr-00059-RMP, ECF No. 46) The estimated tax obligations listed on the plea agreement were not final. Rather, the parties agreed that Mr. Stadtmueller would start by paying $400,000 to the IRS, but the total amount he owed in restitution could be increased or decreased subject to further investigation by the IRS and reporting by Mr. Stadtmueller.

17. Under the plea agreement, Mr. Stadtmueller also agreed to submit personal and corporate tax returns that were missing or inaccurate. Upon receiving the new returns, the IRS would then determine Mr. Stadtmueller's true liabilities, with the understanding that the $400,000 restitution obligation would be credited towards the final amount.

---

[9] *See* Finding of Fact No. 1, *supra.*

18.     Mr. Stadtmueller was incarcerated from November 22, 2016 through November 8, 2017.

19.     After the criminal judgment was entered, the IRS audited Mr. Stadtmueller's 2008 and 2009 tax returns, including Zazz's corporate returns. The case was transferred to IRS Revenue Agent Stephen Beringer, who completed the bulk of the audit.

20.     On September 14, 2017, Mr. Beringer prepared a formal audit report for his manager regarding Mr. Stadtmueller's 2008 and 2009 returns. In the report, Mr. Beringer recommended fraud penalties based on several fraud indicators, including: (i) the criminal case plea agreement; Mr. Stadtmueller's failure to provide requested financial documents; (ii) discussions with Mr. Stadtmueller's delegee who had power of attorney; (iii) Mr. Stadtmueller's commingling of individual and corporate accounts; and (iv) Mr. Stadtmueller's providing of falsified tax returns to secure a loan from a lender.

21.     Mr. Beringer testified at trial that his IRS manager approved, in writing, the fraud penalties Mr. Beringer proposed.

### *Chapter 11 Bankruptcy*

22.     After Mr. Stadtmueller completed his prison term, he did not pay the $400,000 in restitution. Instead, Mr. Stadtmueller filed a chapter 11 bankruptcy petition on December 8, 2017. (BK ECF No. 1)

23.     On January 31, 2018, the IRS filed Proof of Claim No. 2-1, claiming Mr. Stadtmueller owed $1,098,270.10. The amount of the claim was, in part, derived from the criminal judgment and civil penalties. The remainder of the claim was based on taxes Mr. Stadtmueller owed from 2008, 2009, 2010, 2013, 2014, 2015, and 2016.

24.     On August 22, 2019, the Second Amended Chapter 11 Plan was confirmed. (BK ECF No. 314) Under the confirmed plan, the amount Mr. Stadtmueller owed to the IRS was left undetermined because the parties could not agree on an amount.

25.     Mr. Stadtmueller eventually objected to the IRS's claim.[10] (BK ECF No. 319) On February 26, 2020, the Court held a status conference on the objection. At the hearing, the parties agreed to convert the claim objection into an adversary proceeding. The same day, the Court entered a Scheduling and Pretrial Order, which served as the complaint for this adversary proceeding. (BK ECF No. 337; AP ECF No. 1)

26.     The IRS's Proof of Claim No. 2-3 lists a claim of $1,246,211.71—$250,255.01 in secured debt, and $995,956.70 in unsecured debt. The secured

---

[10] Mr. Stadtmueller filed a prior objection to the IRS's proof of claim pre-confirmation. However, as reflected in the Court's Stipulated Order re Debtor's Objection to United States' Claim, the parties agreed to withdraw the objection to give the IRS additional time to review all previously filed returns and potentially file an amended proof of claim. (BK ECF No. 97) Once the chapter 11 plan was confirmed, Mr. Stadtmueller renewed his objection.

portion of the debt are civil penalties assessed against Mr. Stadtmueller under I.R.C. §§ 6694(b) and 6695(f).[11] Of the unsecured debt, $410,583.64 constitutes the total of Mr. Stadtmueller's personal income tax liabilities for 2008, 2009, 2013, 2014, and 2016.[12] Under 11 U.S.C. § 507(a)(8), Mr. Stadtmueller's personal tax liability is a priority unsecured debt. Additionally, $585,373.06 is general unsecured debt, representing the criminal restitution Mr. Stadtmueller was ordered to pay, less de minimis payments or credits applied after Mr. Stadtmueller's sentencing.

27.    The bankruptcy court held a trial on the claim objection from February 3-10, 2025.

28.    Mr. Terry Martin testified at trial about the I.R.C. §§ 6694(b) and 6695(f) penalties he assessed against Mr. Stadtmueller.

29.    Mr. Stephen Beringer also testified at trial about the I.R.C. § 6663 penalties he assessed after Mr. Stadtmueller was convicted.

30.    Mr. Stadtmueller also testified at trial.

**_Preparer Penalties under I.R.C. §§ 6694(b) and 6695(f)_**

---

[11] The proof of claim denotes a penalty assessed under I.R.C. § 6672. However, the IRS states that this description is a clerical error which should read as a penalty under I.R.C. § 6694(b), not I.R.C. § 6672. (AP ECF No. 192, pp. 53, 92)

[12] Tax years 2010 and 2015 are also listed, but those years are not disputed. (AP ECF No. 192, p. 9)

PARTIAL ORDER RE: OBJECTION TO CLAIM - 11

31.     Mr. Martin determined that certain civil tax penalties should be assessed against Mr. Stadtmueller for tax years 2011-2014. Mr. Martin concluded that penalties were warranted under two code provisions: (i) I.R.C. § 6694(b), which imposes penalties on return preparers who understate their clients' liabilities; and (ii) I.R.C. § 6695(f), which imposes penalties on return preparers who deposit client refunds into the return preparer's account.

32.     Some of the forms Mr. Martin prepared related to these penalties contained scrivener errors.  However, the errors did not cause the Court confusion and Mr. Martin's recommendations were clear.

33.     Mr. Martin provided credible testimony that his initial determinations of the penalties were approved by his immediate supervisor as required by I.R.C. § 6751(b).

34.     The specific penalties Mr. Martin assessed against Mr. Stadtmueller under I.R.C. § 6694(b) are as follows: (i) 2011: 13 penalties of $5,000 each, for a total of $65,000; (ii) 2012: 10 penalties of $4,000 each, for a total of $40,000; and (iii) 2013: 6 penalties of $4,000 each, for a total of $24,000. In total, the IRS determined twenty-nine penalties under I.R.C. § 6694(b) were appropriate between 2011-2013, resulting in $129,000 in penalties against Mr. Stadtmueller.

35.     The IRS admitted into evidence nine of Mr. Stadtmueller's clients' tax returns that each allegedly understated tax liabilities in violation of I.R.C. §

PARTIAL ORDER RE: OBJECTION TO CLAIM - 12

6694(b). The IRS was unable to furnish the names or tax returns of the other twenty taxpayers.

36.     During his deposition, Mr. Stadtmueller admitted portions of some taxpayer refunds were directed into the Stadtmueller & Associates account.

37.     The specific penalties Mr. Martin assessed against Mr. Stadtmueller under I.R.C. § 6695(f) are as follows: (i) 2013: 177 violations valued at $500 per violation, for a total of $88,500; and (ii) 2014: 37 violations valued at $500 per violation, for a total of $18,500.

38.     During trial, the IRS conceded that one violation was inappropriate, and as such, the I.R.C. § 6695(f) penalties should be reduced by one $500 penalty. In total, including the conceded violation, the IRS asserts $106,500 in penalties against Mr. Stadtmueller under I.R.C. § 6695(f).

***Mr. Stadtmueller's Filing Status for Tax Year 2006***

39.     Mr. Stadtmueller married Belinda Stadtmueller ("Belinda") in 1986. On October 10, 2012, Belinda filed a petition for dissolution of the marriage.[13] The dissolution proceedings spanned seven years, until a Final Divorce Order was entered on September 6, 2019.

40.     Mr. Stadtmueller conceded that he was married filing jointly for tax years 2007, 2008, and 2009.

---

[13] Spokane Cnty. Sup. Ct. Case No. 12-3-02562-1.

PARTIAL ORDER RE: OBJECTION TO CLAIM - 13

41.     Mr. Stadtmueller's Form 1040 for tax year 2006 was admitted as an exhibit. Based on the signature date listed on the Form 1040, Mr. Stadtmueller did not submit his personal tax return for 2006 until May 15, 2019.

42.     For tax year 2006, Mr. Stadtmueller elected married filing separate status on the Form 1040, allocating approximately half of the couple's joint income to himself. Mr. Stadtmueller explained that he was unable to amend the return to "married filing jointly" status because Belinda refused to sign an amended return.

43.     Approximately four months after Mr. Stadtmueller filed the 2006 tax return, a Final Divorce Order was entered in Spokane County Superior Court on September 6, 2019. (Spokane Cnty. Sup. Ct. Case No. 12-3-02562-1, Sub. No. 105) According to the terms of the Final Divorce Order, Mr. Stadtmueller was responsible for paying the couple's IRS tax obligations for the years 2006-2012. The Final Divorce Order acknowledged that Mr. Stadtmueller filed amended tax returns for 2006-2012 as "married filing separate" status. Additionally, the state court ruled that Belinda was "not obligated to sign off on the tax returns and is not ordered to sign off on the tax returns."

***Fraud under I.R.C. § 6663 for Tax Years 2008 and 2009***

44.     Mr. Stadtmueller's tax liabilities for 2008 and 2009 comprise the partial basis for the IRS's proof of claim.[14] (*See* Proof of Claim No. 2-3, p. 5) Because Mr. Stadtmueller conceded that Zazz was an S corporation for the years at issue, part of Mr. Stadtmueller's tax liabilities for 2008 and 2009 are the result of Zazz's income.

45.     Mr. Beringer's report dated September 14, 2017 explains the basis for the I.R.C. § 6663 penalties.

46.     Mr. Beringer provided credible testimony that his penalty assessments were approved by his immediate supervisor pursuant to I.R.C. § 6751(b).

47.     Mr. Stadtmueller pleaded guilty to filing false tax returns for tax year 2008. (E.D. Wash. Case No. 2:15-cr-00059-RMP, ECF No. 56) Mr. Stadtmueller admitted in the plea agreement to substantially underreporting Zazz's gross receipts and filing false 1120S forms for Zazz for tax year 2008. (E.D. Wash. Case No. 2:15-cr-00059-RMP, ECF No. 46, p. 4) Accordingly, Mr. Stadtmueller was thereby also underreporting his own tax liabilities for 2008.

48.     Mr. Stadtmueller did not plead guilty to any tax offense for tax year 2009.

---

[14] The IRS asserts in its post-trial brief that Mr. Stadtmueller may owe taxes and penalties for tax year 2007. (AP ECF No. 192, p. 80) Because the IRS did not include 2007 in its proof of claim, the Court will not consider potential penalties for 2007 in this partial order. However, if in responding to this partial order penalties related to tax year 2007 are implicated, the parties should fully address that issue in their responsive briefs.

PARTIAL ORDER RE: OBJECTION TO CLAIM - 15

49.   Mr. Stadtmueller's 2009 tax return reported $0.00 in tax liability.

50.   On an amended 1120S form for tax year 2009 filed on November 10, 2018, Mr. Stadtmueller reported $963,116 in total income for Zazz.

***Addition to Tax under I.R.C. § 6651 for Tax Years 2006, 2013, 2014, and 2016***

51.   The IRS provided little, if any, evidence that Mr. Stadtmueller failed to timely pay taxes for tax years 2006, 2013, 2014, and 2016.

52.   The parties jointly submitted Form 4340s for 2006, 2013, and 2014, which indicate an addition to tax under I.R.C. § 6651. An "addition to tax" under I.R.C. § 6651 is an additional amount added to a tax, calculated by the IRS, based on the taxpayer failing to file their return on time.

53.   Mr. Stadtmueller did not file a personal tax return for tax year 2006 until 2019. Consequently, Mr. Stadtmueller filed the 2006 return late. However, the Form 4340 for tax year 2006 does not indicate any addition to tax was assessed for that year.

54.   The IRS asserted that Mr. Stadtmueller was tardy in filing his tax returns for 2013 and 2014. However, the IRS failed to provide the Court with Mr. Stadtmueller's Form 1040s for tax year 2013 or 2014 to support the tardy

PARTIAL ORDER RE: OBJECTION TO CLAIM - 16

allegations. Similarly, the IRS failed to provide specific allegations in briefing or evidence at trial.[15]

55.     For tax year 2016, no Form 4340, 1040, or other relevant documentation was provided to the Court to calculate or otherwise determine any addition to tax under I.R.C. § 6651.

### III. <u>CONCLUSIONS OF LAW</u>

1.     "A creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a). A proof of claim "is deemed allowed" unless an objection is made. 11 U.S.C. § 502(a). A procedurally compliant proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).

2.     If a party objects to a proof of claim, then the court determines the amount of the claim unless one of the limited grounds for disallowance is established. 11 U.S.C. § 502(b).

3.     When an objection to claim is filed, the objecting party must "produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations" of the proof of claim. *Wright v. Holm (In re Holm)*, 931

---

[15] The Court recognizes that Mr. Stadtmueller was delinquent with his tax returns in many respects. However, the Court will not scour the voluminous record for evidence to support the IRS's allegations. "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). As discussed in the Conclusions of Law section of this partial order, the IRS has the burden of production. *See infra* Conclusion of Law No. 47.

PARTIAL ORDER RE: OBJECTION TO CLAIM - 17

F.2d 620, 623 (9th Cir. 1991) (quoting COLLIER ON BANKRUPTCY ¶ 502.02 (L. King Ed., 15th ed.)).

4.      If the objecting party can produce such facts, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992)).

5.      The ultimate burden of persuasion remains, at all times, upon the claimant. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000).

6.      This Court may determine whether Mr. Stadtmueller owes taxes or penalties and the amounts owed. *See* 11 U.S.C. § 505(a)(1).

7.      A qualifying small business corporation may affirmatively designate "S corporation" status for federal income tax purposes. I.R.C. §§ 1361(a), 1362(a)(1).

8.      "S corporations" are taxed similar to partnerships: rather than paying the income tax itself, the corporation "passes income through" to shareholders, who report the pro rata share income on their individual income tax returns. I.R.C. §§ 1363(a), 1366(a).

PARTIAL ORDER RE: OBJECTION TO CLAIM - 18

9.      Pursuant to Mr. Stadtmueller's concession, the $27,000 I.R.C. § 179 deduction for tax year 2006 shall remain at $27,000. Therefore, the 2006 expenses and items reflected in Zazz's Form 1120S and Debtor's Form 1040 is $350,338.00.[16]

### *Preparer Penalties under I.R.C. § 6694(b) are Reduced to $39,000*

10.     A tax return preparer who understates a liability in a return or claim for a refund is liable for a $5,000 penalty per return or claim, or 75 percent of the income derived by the return preparer, with respect to the return or claim. I.R.C. § 6694(b)(1). The understatement must be either: (a) a willful attempt to understate the liability for tax on the return or claim; or (b) a reckless or intentional disregard of rules or regulations. I.R.C. § 6694(b)(2).

11.     The IRS has the burden of proof regarding the I.R.C. § 6694(b) penalties.

12.     However, the IRS did not meet its burden with respect to the full amount of its claim. Of twenty-nine total I.R.C. § 6694(b) violations, the IRS provided evidence of only nine individuals' returns to substantiate the violations (three representative returns per year). As a result, Mr. Stadtmueller was not given a meaningful opportunity to review and object to evidence supporting the allegations regarding the I.R.C. § 6694(b) penalties.

---

[16] *See infra* Finding of Fact No. 1.

13.    The IRS argues it is "possible" that the agency, at some point, may have provided a full list of the names and returns related to the I.R.C. § 6694(b) penalties to Mr. Stadtmueller. The IRS's speculation and conjecture falls far short of admissible evidence required to support the penalties. Despite many days of trial, the IRS failed to provide credible evidence that demonstrates, by a preponderance of the evidence, that the IRS produced, or Mr. Stadtmueller was ever provided with, such information.

14.    For the nine identified tax returns, Mr. Martin's determination that I.R.C. § 6694(b) penalties should be assessed against Mr. Stadtmueller were well-founded and are supported by evidence admitted at trial. Mr. Stadtmueller, as a tax return preparer, understated nine taxpayers' liabilities. The understatement of the liabilities was a willful attempt to understate the tax liability and was done with a reckless and intentional disregard of rules and regulations.

15.    Accordingly, the I.R.C. § 6694(b) penalties are imposed for only the nine returns admitted at trial. Mr. Stadtmueller is liable as follows: (i) 2011: 3 penalties of $5,000 each, for a total of $15,000; (ii) 2012: 3 penalties of $4,000 each, for a total of $12,000; and (iii) 2013: 3 penalties of $4,000 each, for a total of $12,000.

16.    In total, the appropriate amount in I.R.C. § 6694(b) penalties against Mr. Stadtmueller is $39,000.

### *Preparer Penalties under I.R.C. § 6695(f) will Remain at $106,500*

17.    A tax return preparer who endorses or otherwise negotiates any client refund check is liable for a penalty of $500 per check. I.R.C. § 6695(f).

18.    Mr. Stadtmueller's objection to the I.R.C. § 6695(f) penalties is insufficient to overcome the IRS' assessment. Mr. Stadtmueller admitted during his deposition that certain portions of taxpayer refunds were directed to the Stadtmueller & Associates account. Additionally, Mr. Martin's credible testimony indicates that a manager approved his penalty assessments and the Court concludes the alleged scrivener's errors were merely clerical.

19.    Accordingly, the Court finds sufficient evidence supports the IRS penalties under I.R.C. § 6695(f) in the amount of $106,500.

### *Mr. Stadtmueller's Filing Status for Tax Year 2006 is "Married Filing Jointly"*

20.    Married taxpayers may elect to file a joint federal income tax return. I.R.C. § 6013.

21.    When a state court divides the property of former spouses through a final dissolution order, "the bankruptcy estate is bound by the terms of that order, subject to any rights which creditors may retain." COLLIER ON BANKRUPTCY ¶ 541.11[4] (Richard Levin & Henry J. Sommer Eds., 16th ed.).

22.    At the time Mr. Stadtmueller filed the 2006 tax return, no dissolution decree was in effect. As a result, Mr. Stadtmueller was free to choose his tax status.

PARTIAL ORDER RE: OBJECTION TO CLAIM - 21

However, the Final Divorce Order legally modified Mr. Stadtmueller's tax obligations for 2006. Under the terms of the Final Divorce Order, Mr. Stadtmueller became responsible for the couple's joint income tax obligations for 2006. The bankruptcy estate will follow the terms of the Final Divorce Order.

23.     Mr. Stadtmueller's claim that he was limited to "married filing separately" status because Belinda would not sign the tax returns is insufficient to overcome the terms of the Final Divorce Order. The Final Divorce Order ruled that Belinda was not obligated to sign the amended returns.

24.     Mr. Stadtmueller failed to demonstrate, with sufficient probative force, that the Final Divorce Order did not effectively require him to assume the couple's joint tax liabilities for 2006.

25.     Accordingly, Mr. Stadtmueller's 2006 tax return should be treated as "married filing jointly" status.

26.     The IRS's criminal restitution assessment in its proof of claim calculated Mr. Stadtmueller's tax obligations as if Mr. Stadtmueller had elected "married filing jointly" status for 2006-2009. Therefore, no changes are necessary to the criminal restitution assessment.

***Fraud under I.R.C. § 6663 for Tax Years 2008 and 2009***

27.    Taxpayers who file returns but underreport their tax liabilities may be subject to additional penalties if "any part of the underpayment" is due to fraud. I.R.C. § 6663(a).

28.    Accordingly, an I.R.C. § 6663(a) penalty may be summarized as follows: (i) a tax underpayment existed; and (ii) the underpayment was attributable to fraud.

***(i) Underpayment***

29.    "Underpayment" means the difference between the amount the taxpayer reported and the taxpayer's true liability. I.R.C. § 6664(a).

30.    Because Mr. Stadtmueller's criminal plea agreement admitted to underreporting his income for tax year 2008, the Court concludes Mr. Stadtmueller underpaid his tax liability for tax year 2008.

31.    Based on the amended tax forms Mr. Stadtmueller filed for tax year 2009, including Zazz's 1120S for 2009, the evidence suggests Mr. Stadtmueller's true liabilities may have been different than what he originally reported. However, the IRS failed to introduce evidence that conclusively establishes that Mr. Stadtmueller underpaid. The IRS has not persuaded the Court that the existence of

discrepancies demonstrate Mr. Stadtmueller underpaid his taxes for 2009 by clear and convincing evidence.[17]

*(ii) Fraud*

32.     Fraud, in the tax setting, is defined as "***intentional*** wrongdoing on the part of the taxpayer with the ***specific intent to avoid a tax*** known to be owing." *Estate of Trompeter v. Comm'r*, 279 F.3d 767, 773 (9th Cir. 2002) (emphasis added).

33.     The government has the burden of proving fraud. *Maciel v. Comm'r*, 489 F.3d 1018, 1026 (9th Cir. 2007) (citing *Bradford v. Comm'r*, 796 F.2d 303, 307 (9th Cir. 1986)).

34.     Fraud need not be shown by direct evidence; rather, the court may infer fraud from certain "badges of fraud." *Estate of Trompeter*, 279 F.3d at 773. In the IRS context, the "badges of fraud" include: (i) understatement of income; (ii) inadequate records; (iii) failure to file tax returns; (iv) implausible or inconsistent explanations of behavior; (v) concealing assets; and (vi) failure to cooperate with tax authorities. *Bradford*, 796 F.3d 307–08 (internal citations omitted).

35.     Additionally, the government must show that an IRS manager approved a fraud penalty before the IRS assessed it. I.R.C. § 6751(b)(1).

---

[17]The admitted evidence *suggests* an underpayment. But as discussed in the subsequent section, the IRS has the burden of production on the penalties, and the IRS failed to "connect the dots" and convince the Court with admissible evidence and persuasive argument.

PARTIAL ORDER RE: OBJECTION TO CLAIM - 24

36.     Because Mr. Stadtmueller's plea agreement admitted to substantially underreporting Zazz's gross receipts and filing false 1120S forms for Zazz for tax year 2008, the IRS met its burden of proving fraud for 2008 by clear and convincing evidence. Furthermore, credible testimony from Mr. Beringer established that the penalty assessments were approved by his immediate supervisor pursuant to I.R.C. § 6751(b).

37.     Therefore, for tax year 2008, Mr. Stadtmueller is liable for penalties under I.R.C. § 6663.

38.     By contrast, the IRS failed to meet its burden that Mr. Stadtmueller committed tax fraud for tax year 2009.

39.     For tax year 2009, the IRS failed to persuade the Court that the discrepancies in the documentation reveal an underpayment or a specific fraudulent intent to underpay. In the 100-page brief, the IRS summarily alleges "[t]he clear inference is that by hiding Zazz's income, [Mr. Stadtmueller] intended to reduce his own." (AP ECF No. 192, p. 81) The IRS's additional summary allegations of inferences supporting fraud are unpersuasive. For example, the IRS alleges that fraudulent intent is established both by Mr. Stadtmueller electing "married filing separately" status for 2009 and the inclusion of several questionable deductions. Yet, neither of these facts establish that Mr. Stadtmueller

had fraudulent intent to underpay in 2009, or that an underpayment actually occurred.

40.     The IRS failed to introduce admissible evidence and provide persuasive argument to carry its burden. In short, the Court is not persuaded that the record supports a fraudulent intent by Mr. Stadtmueller for the tax return relating to 2009.

41.     In essence, the IRS has asked this Court to consider isolated pieces of several documents, which at best merely *suggest* an underpayment. The IRS leans heavily on Mr. Stadtmueller's criminal history and asks this Court to use that fact to conclude that Mr. Stadtmueller had the specific fraudulent intent to underpay his taxes in 2009. In fact, the IRS failed to elicit testimony from Mr. Stadtmueller at trial that would support the IRS's theory that Mr. Stadtmueller had fraudulent intent to underpay taxes for 2009.

42.     Therefore, none of the badges of fraud are present for tax year 2009.

43.     Accordingly, the IRS did not meet its burden of proving fraud or underpayment by clear and convincing evidence for tax year 2009.  Mr. Stadtmueller owes no penalty under I.R.C. § 6663 for tax year 2009.

### *Computing I.R.C. § 6663 Penalty Amounts*

44.     If a penalty is proper, then the entire underpayment shall be treated as attributable to fraud, except when the taxpayer can establish by a preponderance of

the evidence that any portion of the underpayment is not attributable to fraud. I.R.C. § 6663(b). Furthermore, the penalty will not apply to any portion of the underpayment where the taxpayer can show "that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to [it]." I.R.C. § 6664(c)(1). Otherwise, 75% of the underpayment attributable to fraud will be added to the tax. I.R.C. § 6663(a).

45. As noted, Mr. Stadtmueller should be assessed a penalty under I.R.C. § 6663 for tax year 2008. However, the Court is unable to compute the proper penalty amounts based on the record submitted by the parties. Specifically, the parties have failed to establish the exact amount of the underpayment. In the next brief, the parties must include computations of proposed penalty amounts under I.R.C. § 6663 consistent with the rulings made in this partial order.[18]

### Failure to Pay on Time Addition to Tax under I.R.C. § 6651

46. I.R.C. § 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a return by the filing deadline, unless that failure is attributable to reasonable cause and not due to willful neglect.

47. The IRS has the burden of production for additions to tax. I.R.C. § 7491(c). The IRS may satisfy this burden by producing sufficient evidence indicating that it is appropriate to impose the relevant addition to tax. *Higbee v.*

---

[18] *See* Section IV, Order, for further detail.

PARTIAL ORDER RE: OBJECTION TO CLAIM - 27

20-80007-FPC    Doc 209    Filed 07/18/25    Entered 07/18/25 13:34:17    Pg 27 of 31

*Comm'r*, 116 T.C. 438, 446 (2001); *see also Adams v. Comm'r*, No. 23659-07, 2013 WL 135103, at *13 (T.C. Jan. 10, 2013) (IRS met its burden because record showed taxpayer did not file return until four years later).

48.     If the IRS can satisfy its burden, then the taxpayer has the burden of persuading the court that he is not liable for the addition to tax. *Higbee*, 116 T.C. at 446–47.

49.     The Court finds from the admitted evidence that Mr. Stadtmueller was delinquent in filing his 2006 tax return because the Form 1040 submitted to the Court bears a signature date of May 15, 2019. As such, additions to tax under I.R.C. § 6651 are warranted for tax year 2006. The IRS should provide a calculation of the addition to tax for 2006 in its computation brief.

50.     The IRS did not meet its burden, however, for tax years 2013 and 2014. No Form 1040s were admitted for 2013 or 2014. The only available evidence for 2013 and 2014 are two Form 4340s. Those forms assess a $0.00 addition to tax for each year. The zero-dollar additions to tax are insufficient to demonstrate that Mr. Stadtmueller filed his 2013 and 2014 returns late and became liable for additions to tax.

51.     Accordingly, Mr. Stadtmueller is not liable for I.R.C. § 6651 additions to tax for tax years 2013 and 2014.

52. For tax year 2016, the IRS did not meet its burden. No Form 4340, 1040, or other relevant documentation was admitted into evidence that could be used to calculate or otherwise determine any addition to tax under I.R.C. § 6651.

53. Accordingly, Mr. Stadtmueller is not liable for I.R.C. § 6651 additions to tax for tax year 2016.

## IV. ORDER

Based on the foregoing findings of fact and conclusions of law,

**IT IS ORDERED:**

1. The Debtor's Objection to Proof of Claim No. 2 is **GRANTED IN PART and OVERRULED IN PART**. Specifically:

a) Zazz is an S corporation for purposes of calculating tax and restitution;

b) Deductions for Bella and Bennick total $1,016,495.25 for the years at issue;

c) Expenses and items associated with Zazz and Debtor's form 1040 (including a finding of no passive real estate losses for tax years 2006 through 2009) are as follows:

| Tax Year | Amount |
|----------|--------------|
| 2006 | $350,338.00 |
| 2007 | $350,508.00 |
| 2008 | $473,737.00 |
| 2009 | $433,185.00 |

d) The IRS's unsecured priority claims are as follows:

| Tax Year | Amount |
|----------|----------|
| 2010 | $0 |
| 2013 | $2,378 |
| 2014 | $36,749 |

PARTIAL ORDER RE: OBJECTION TO CLAIM - 29

|      |        |
|------|--------|
| 2015 | $0     |
| 2016 | $9,215 |

e) Preparer penalties under I.R.C. § 6694(b) are reduced to $39,000;

f) Preparer penalties under I.R.C. § 6695(f) are $106,500, as claimed;

g) Mr. Stadtmueller's filing status for tax years 2006, 2007, 2008, and 2009 shall be married filing jointly;

h) Mr. Stadtmueller is liable for penalties under I.R.C. § 6663(a) for tax year 2008, at an amount to be determined after the Court considers the parties' computations briefs as described below;

i) Mr. Stadtmueller is not liable for penalties under I.R.C. § 6663(a) for tax year 2009;

j) Mr. Stadtmueller is liable for I.R.C. § 6651 additions to tax for tax year 2006 in an amount to be determined after the Court considers the parties' computations briefs; and

k) Mr. Stadtmueller is not liable for I.R.C. § 6651 additions to tax for tax years 2013, 2014, and 2016.

2.      The parties shall submit computations briefs, **on or before 21 days from the entry of this order**,[19] detailing the following:

a) Proposed final allowed amount of the IRS's claim (e.g., "The IRS's proof of claim should be allowed in the total amount of $_____.");

b) Breakdown of the proposed computation by specific type of claim (e.g., secured, priority unsecured, general unsecured, etc.);

c) Specific computations of I.R.C. § 6663(a) penalties for tax year 2008; and

---

[19] There has been enough delay in this case. The Court will not grant any extensions unless extraordinary unforeseen circumstances arise that would warrant a delay.

d) Specific computations of I.R.C. § 6651 additions to tax for tax year 2006.

The parties' briefs shall not exceed 10 pages.[20] If the parties agree on any issues, they may file a separate stipulation outlining the agreed issues. Any stipulation shall be filed on or before 21 days from the entry of this order.

     3.     The parties shall **meet and confer** prior to filing the computations briefs to narrow any remaining disagreements as much as possible; and

     4.     In the event the parties disagree on their computations of the allowed amount, they may each file a supplemental computations brief, not to exceed 7 pages, **on or before 28 days from the entry of this order**, to assist the Court in determining the amount of the IRS's allowed claim.

///End of Order///

---

[20] Supporting documentation may be provided as an exhibit or attachment to the brief and will not count towards the page limit. See Local Bankruptcy Rule 9004-1(a) for further information on typeface and document requirements.

PARTIAL ORDER RE: OBJECTION TO CLAIM - 31